UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Dark Mode LLC d/b/a 404 Media**<br>    5101 Santa Monica Blvd., Ste. 8<br>    Los Angeles, CA 90029<br><br>                              Plaintiff,<br><br>v.<br><br>**United States Immigration and Customs Enforcement**<br>    500 12th Street, S.W.<br>    Washington, D.C. 20536-5009<br><br>                              Defendant. | Case No. 1:25-cv-3357 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Dark Mode LLC, d/b/a 404 Media, ("404 Media") brings this suit against the United States Immigration and Customs Enforcement ("ICE"), stating in support:

**INTRODUCTION**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief.

2. Through the FOIA, 404 Media has asked ICE to disclose agency records relating to its contract with a company known for its powerful spyware tool whose potential use in the agency's ongoing mass-deportation campaign has prompted lawmakers, civil liberties organizations, and immigration groups to express deep concerns over potential civil rights abuses.

3. By failing to disclose the requested records within the time required by law, ICE has constructively denied 404 Media's access to them. ICE's denial of 404 Media's

request violates the FOIA and contravenes the purpose of the law by withholding information that would greatly inform the public about "what their government is up to" regarding ICE's potential procurement and use of a tool to break into people's mobile phones and encrypted apps in connection with the government's ongoing anti-immigration crackdown. *See Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989).

4. The Court should order ICE to disclose the requested records immediately.

## Parties

5. 404 Media is an independent online publication that reports on technology and the internet. Among other subjects, its coverage focuses on surveillance technology and the implications of its usage on personal privacy and civil rights.

6. ICE is an agency within the meaning of 5 U.S.C. § 552(f). It has possession and control of the public records 404 Media has requested.

## Jurisdiction and Venue

7. This action arises under the FOIA. This Court thus has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and (a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8. Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## Background

### A. ICE's contract with Paragon US

9. In September 2024, ICE entered into a no-bid procurement contract with Paragon Solutions (US), Inc. ("Paragon US"), a Virginia-based subsidiary of Israeli commercial spyware company Paragon Solutions Ltd. ("Paragon").

10. Paragon is known for a spyware tool called Graphite that allows its users to bypass smartphone encryption and remotely access the phone's apps and data. Graphite has been implicated in a scandal in Italy over claims it was used to hack the phones of journalists, activists, and government critics.[1]

11. ICE's contract with Paragon US is a one-year, $2 million agreement for the procurement of "a fully configured proprietary solution including license, hardware, maintenance and training."

12. News of the contract prompted civil liberties groups and others to raise concern about potential abuses of Graphite-like tools in the United States. Shortly after the agreement was signed, the government issued a stop-work order on the contract to review its compliance with an executive order limiting the U.S. government's use of spyware.[2]

13. On August 30, 2025, the stop-work order was lifted, reviving the contract with Paragon US and reigniting concern from multiple corners.[3]

---

[1] *See, e.g.*, Stephanie Kirchgaessner, *WhatsApp says journalists and civil society members were targets of Israeli spyware*, The Guardian (Jan. 31, 2025), http://bit.ly/46fpCBm; Giuseppe Fonte and Alvise Armellini, *Italy and Israeli Paragon part ways after spyware affair*, Reuters (June 9, 2025), http://bit.ly/3VrBudk; Joseph Menn, *ICE reactivates contract with previously banned spyware vendor*, Wash. Post (Sept. 2, 2025), http://bit.ly/4mseohP (noting that "Paragon drew criticism this year after traces of its powerful Graphite tool were found on the devices of Italian journalists, advocates for migrants, and associates of Pope Francis").

[2] *See, e.g.*, Vas Panagiotopoulos, *ICE's $2 Million Contract With a Spyware Vendor Is Under White House Review*, WIRED (Oct. 21, 2024), http://bit.ly/47Wz7H3 (reporting that "publicly available details of ICE's contract with Paragon are relatively sparse, its existence alone raised alarms among civil liberties groups").

[3] *See* Cyber Bulletin Newsletter, *ICE's Access to Spyware Has Critics Sounding Alarms About Potential Abuse*, Bloomberg (Sept. 3, 2025), http://bit.ly/42FiZG9 (quoting Sen. Ron Wyden of Oregon as expressing concern over "how ICE will use Paragon's spyware to further trample on the rights of Americans and anyone who Donald Trump labels as an enemy").

### B.   404 Media's FOIA Request

14.   On October 22, 2024, 404 Media submitted a FOIA request to ICE seeking disclosure of:

> All invoices, purchases orders, contracts, loan agreements, procurement documents (but not limited to solicitation documents or notices of proposed contracts, proposed bids, unsolicited proposals, and/or documents justifying contracting without full and open competition), and statements of work relating to Award ID 70CTD024P00000012.

Ex. 1.

15.   On October 25, 2024, ICE confirmed receipt of the FOIA request. Ex. 2.

16.   Despite its obligations under the FOIA, and despite multiple requests from 404 Media—in April 2025, July 2025, and September 2025—for an update on the status of ICE's compliance with the request, *see* Ex. 3, ICE has failed to notify 404 Media of the scope of documents that it will produce or the scope of documents that ICE plans to withhold in response to the FOIA request.

## Claim for Relief
### Count I—Declaratory and Injunctive Relief
### (Constructive Denial in Violation of FOIA, 5 U.S.C. § 552)

17.   404 Media re-alleges and incorporates by reference all previous paragraphs as if fully set forth herein.

18.   404 Media's FOIA request was properly made and seeks disclosure of agency records within the control of ICE, an agency subject to the FOIA.

19.   ICE has not made or communicated to 404 Media the required "determination" within the meaning of the FOIA in the timeframe required by law. *See* 5 U.S.C. § 552(a)(6)(A).

20. ICE has failed to disclose all non-exempt public records responsive to 404 Media's FOIA request.

21. There is no lawful basis for ICE to withhold, in whole or in part, the public records that 404 Media has requested.

### Prayer for Relief

404 Media asks that the Court:

A. Provide for expeditious proceedings in this action;

B. Declare that the documents sought by 404 Media, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

C. Declare ICE's failure to provide the public records unlawful;

D. Enter an injunction, pursuant to 5 U.S.C. § 552(a)(4)(B), directing ICE to make the requested records available to 404 Media, unredacted, and without further delay, and setting a deadline for compliance;

E. Award 404 Media its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

F. Grant 404 Media such other and further relief as this Court may deem just and proper.

Date: September 22, 2025

*/s/ Matthew S.L. Cate*
Matthew S.L. Cate (#1720435)
**Law Office of Matthew S.L. Cate**
101 Montgomery Street, Suite 900
San Francisco, CA  94014
Tel/Fax: 415-964-4400
matt@matthewcatelaw.com

*Counsel for Plaintiff*
*Dark Mode LLC d/b/a 404 Media*