UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARK MODE LLC d/b/a 404 MEDIA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>    Defendant. | Civil Action No. 25-3357 (APM) |

## ANSWER

Defendant United States Immigration and Customs Enforcement, by and through undersigned counsel, respectfully submit this Answer to the Complaint filed by Plaintiff, Dark Mode LLC, d/b/a 404 Media (ECF No. 1) brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials in this response. However, Defendant's references are not intended to be, and should not be construed as, an admission that the cited materials are correctly cited or quoted by Plaintiff; relevant to this, or any other, action; or admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendant responds to the Complaint in corresponding, numbered paragraphs as follows:

## INTRODUCTION [1]

1. Paragraph 1 consists of Plaintiff's characterization of its Complaint, to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff brings this action under the FOIA, 5 U.S.C. § 552 *et seq.*

2. Paragraph 2 consists of Plaintiff's characterization of its FOIA request, to which no response is required. Defendant avers that the request is the best evidence of its contents, respectfully refers the Court to the request for a complete and accurate statement of its contents, and denies any inconsistent allegations in this paragraph.

3. Paragraph 3 consists of legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

4. Paragraph 4 consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Defendant admits only that ICE is a federal agency within the meaning of FOIA. Defendant denies the remaining allegations in Paragraph 6.

---

[1] Unless otherwise stated, for ease of reference, Defendant refers to the headings contained in the Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

## JURISDICTION AND VENUE

7. Paragraph 7 consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendant only admits that this Court has jurisdiction subject to the terms and limitations of FOIA and pursuant to 28 U.S.C. § 1331.

8. Paragraph 8 consists of legal conclusions regarding venue, to which no response is required. To the extent that a response is deemed required, Defendant only admits that this Court has venue subject to the terms and limitations of FOIA.

## BACKGROUND

**A. ICE's contract with Paragon US**

9. Paragraph 9 consists of Plaintiff's factual allegations unrelated to Plaintiff's legal claims against the Defendant under FOIA. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure ("Rule") 12(f).

10. Paragraph 10 consists of Plaintiff's factual allegations unrelated to Plaintiff's legal claims against the Defendant under FOIA, to which no response is required. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent

of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure ("Rule") 12(f).

11. Paragraph 11 consists of Plaintiff's factual allegations unrelated to Plaintiff's legal claims against the Defendant under FOIA, to which no response is required. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure ("Rule") 12(f).

12. Paragraph 12 consists of Plaintiff's factual allegations unrelated to Plaintiff's legal claims against the Defendant under FOIA, to which no response is required. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure ("Rule") 12(f).

13. Paragraph 13 consists of Plaintiff's factual allegations unrelated to Plaintiff's legal claims against the Defendant under FOIA, to which no response is required. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant

presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure ("Rule") 12(f).

### B. 404 Media's Request

14. Defendant admits that Plaintiff submitted a FOIA request to Defendant dated October 22, 2024. Defendant avers that the request is the best evidence of its contents, respectfully refer the Court to the request for a complete and accurate statement of its contents, and denies any inconsistent allegations in this paragraph.

15. Defendant admits that Defendant issued an acknowledgement email to Plaintiff on October 25, 2024. Defendant avers that the acknowledgement email is the best evidence of its contents, respectfully refers the Court to the acknowledgement email for a complete and accurate statement of its contents, and denies any inconsistent allegations in this paragraph.

16. Defendant admits that, as of the filing of Plaintiff's Complaint, Defendant had not provided a final response to Plaintiff's FOIA request. Defendant further admits that it did not respond to Plaintiff's email request, dated April 20, 2025. Defendant also admits that Defendant did not respond to Plaintiff's email request, dated July 13, 2025. Defendant further admits that it did not respond to Plaintiff's email request, dated September 2, 2025. Defendant denies any remaining allegations contained in Paragraph 16.

## CLAIM FOR RELIEF

### Count 1 – Declaratory and Injunctive Relief
### (Constructive Denial in Violation of FOIA, 5 U.S.C. § 552)

17. Defendant realleges and incorporates by reference all of the proceeding paragraphs of this Answer as if fully stated in this paragraph.

18. Defendant admits only that ICE is a component of the United States Department of Homeland Security and is subject to the provisions of FOIA. The remaining allegations in Paragraph 18 consist of conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations.

19. Defendant admits only that, as of the filing of Plaintiff's Complaint, Defendant had not provided a final response to Plaintiff's FOIA request. The remaining allegations contained in Paragraph 19 are conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations.

20. Defendant admits that, as of the filing of Plaintiff's Complaint, Defendant had not provided a final response to Plaintiff's FOIA request. Defendant denies any remaining allegations contained in Paragraph 20.

## PRAYER FOR RELIEF

This remainder of the Complaint, including Paragraphs A-F, consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this answer as the facts and circumstances giving rise to the Complaint become known to the Defendant through the course of this litigation. Defendant does not assume

the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA or the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's request for relief that exceeds the relief authorized under FOIA.

## THIRD DEFENSE

Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

## FOURTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

## FIFTH DEFENSE

Defendant has not improperly withheld records requested by Plaintiffs under FOIA, to the extent such records exist.

## SIXTH DEFENSE

Plaintiff's request fails to comply with the requirements of FOIA to the extent it fails to reasonably describe the records sought or presents an unreasonably burdensome effort upon Defendant to search for, review, redact, and release any responsive records.

## SEVENTH DEFENSE

Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

Dated: December 30, 2025
Washington, D.C.

Respectfully submitted,
JEANINE FERRIS PIRRO,
United States Attorney

By: */s/ Zachary J. Krizel*
ZACHARY J. KRIZEL
Assistant United States Attorney
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
202-252-2518
Zachary.Krizel@usdoj.gov

*Counsel for Defendant*