UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARK MODE, LLC
*d/b/a* 404 Media,

      Plaintiff,

    v.

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT,

      Defendant.

Civil Action No. 25-3357 (APM)

**JOINT STATUS REPORT**

Pursuant to the Court's February 13, 2026 Minute Order, Plaintiff Dark Mode, LLC ("404 Media") and United States Immigration and Customs Enforcement ("ICE"), by and through their respective undersigned counsel, respectfully submit this joint status report.

Plaintiff brings this case under the Freedom of Information Act ("FOIA") seeking a response to its October 22, 2024 request, which sought "[a]ll invoices, purchases orders, contracts, loan agreements, procurement documents (but not limited to solicitation documents or notices of proposed contracts, proposed bids, unsolicited proposals, and/or documents justifying contracting without full and open competition), and statements of work relating to Award ID 70CTD024P00000012." Compl. (ECF No. 1) ¶ 14.

**Defendant's Statement:**

Defendant reports that it has completed its processing of the potentially responsive records, consisting of 673 pages. Defendant further reports that the records were provided to the submitter for review. Once the submitter has completed its review, the records will be released to Plaintiff. Defendant also reports that on February 13, 2026, due to a lapse in federal appropriations, ICE

FOIA personnel were furloughed. Accordingly, Defendant is unable to complete production of the records until appropriations are restored.[1] Once appropriations are restored, Defendants will complete its production of all responsive, non-exempt records to Plaintiff.

Additionally, upon learning of furloughing of the ICE FOIA office, Defendant's Counsel contacted Plaintiff's Counsel regarding a proposed stay of the litigation pending restoration of appropriations to ICE. At that time, Plaintiff's Counsel stated that they opposed a stay of the litigation and alternatively proposed continuing the matter by providing joint status reports to the Court on the status of the processing and furloughing of FOIA personnel. Defendant opposes Plaintiff's attempt to litigate the appropriate timing of FBI's completion of its production in a joint status report. Ordering an agency to complete an action is different than the Court addressing scheduling matters for the Parties in a FOIA case.  Federal Rule of Civil Procedure 7(b)(1) requires that "[a] request for a court order must be made by motion."  A separately filed motion would allow the Court to see exactly what relief Plaintiff requests, the factual bases (if any) in support, and the legal argument(s) trying to justify this relief.  A separately filed motion would also provide notice to Defendants so that they could appropriately prepare their response, gather factual materials if needed, and address the merits.

To that end, Defendant proposes that the parties file a subsequent status report on or before April 15, 2026, updating the Court on the processing and production of the FOIA requests at issue in this matter and, if applicable, a briefing schedule to resolve any disputes arising from Defendant's production, redactions to, or nondisclosures of the requested records.

---

[1] Defendants have included the Declaration of Kenneth N. Clark, Assistant Director of the Office of Information Governance and Privacy ("OIGP") at the U.S. Immigration and Customs Enforcement, filed in *American Oversight v U.S. Immigration and Customs Enforcement*, D.D.C. Civ. Act. 25-1987 (R.C.) which offers background to the current status of FOIA processing at ICE.

**Plaintiff's Statement:**

Plaintiff submitted a FOIA request nearly 17 months ago that, according to ICE, implicates only 673 pages of material. In the parties' January 14, 2026, Joint Status Report, ICE anticipated that it would be prepared to "complet[e] its final response and production on or before February 27, 2026." *See* ECF No. 11 at 2. About one month later, that timeline remained on track, with ICE representing that "it is in the process of contacting the submitter for review" and anticipated providing its production "on or before February 27, 2026" provided that it could complete the submitter-review process already underway. *See* ECF No. 12 at 1-2.

The day after that February 12, 2026, Joint Status Report, the current lapse in appropriations for the U.S. Department of Homeland Security agencies went into effect. *See* Declaration of Kenneth N. Clark ("Clark Decl.") ¶ 10. Shortly thereafter, counsel for ICE notified Plaintiff that in light of the appropriations lapse and ICE's decision to furlough its FOIA office in response to it, no production of records would be forthcoming on February 27, 2026. Counsel for ICE proposed that this matter be stayed pending that lapse in appropriations. Plaintiff's counsel opposed any stay of this action, offering that the parties should instead update the Court in this Joint Status Report on the status of the processing of Plaintiff's request and where this case stands. At the same time, Plaintiff's counsel requested information from ICE to justify its voluntary decision to furlough its FOIA office. Plaintiff's counsel received no further information until ICE's March 16, 2026, provision of the Clark Declaration being submitted in connection with this JSR. Meanwhile, Plaintiff has since learned that, in approximately January 2026, ICE disclosed in connection with another FOIA action some public records similar to those Plaintiff seeks here.[2]

---

[2] In *Just Futures Law, et al. v. ICE, et al.*, No. 25-cv-8995 (S.D.N.Y.), the plaintiffs have sought, among other things, the "contract[] and related records" concerning the same contract at issue,

Plaintiff submits that no further delay in the processing and production of the requested records is warranted and respectfully requests that (1) ICE be ordered to disclose all non-exempt records and provide its final determination in response to Plaintiff's FOIA request no later than April 15, 2026, and (2) the parties be ordered to submit a further status update on April 29, 2026. Courts in this District and elsewhere have regularly entered orders for search completion and even production of records following the submission of status reports or conferences containing both Defendant and Plaintiff statements or positions without motions practice. *See, e.g.*, Order, *NYCLU v. HHS ACF*, 20-cv-183 (S.D.N.Y.), ECF No. 30; Minute Order, *Am. Oversight v. DOJ*, 17-cv-727 (D.D.C.) (June 12, 2017); Minute Order, *Citizens United v. U.S. Dep't of State*, 16-cv-67-CRC (D.D.C) (Apr. 19, 2016). This type of scheduling management is well within the Court's "broad equitable authority" to manage FOIA matters. *CREW v. DOJ*, 846 F.3d 1235, 1241–42 (D.C. Cir. 2017). And it is appropriate here under the circumstances.

In particular, ICE's has not explained why its closure of the FOIA office has been necessary, even under the lapse in appropriations that may be disrupting agency operations within DHS broadly. For one, ICE stands apart from other DHS components during the current funding lapse. *See, e.g.*, Ignacio Calderon and Lauren Villagran, *Congress may have 'shut down' DHS, but ICE has money to spare*, USA Today (Feb. 23, 2026), https://www.usatoday.com/story/news/politics/2026/02/23/congress-shutdown-dhs-immigration-ice-money/88765192007/ (reporting that ICE "already has enough cash to operate through the end of President Donald Trump's second term.").

---

identified by the same contract-award identification number, in this case's sole FOIA request. *See id.* at ECF No. 1 (Compl.); *see also id.* at ECF No. 18 (noting that ICE had produced records to plaintiff).

Further, ICE's explanation for its decision to shut its *entire* FOIA office does not withstand scrutiny. Given its decision to relegate FOIA compliance to "a non-excepted function" despite the FOIA imposing mandatory obligations on the agency, purportedly *no FOIA-compliance* activities can be undertaken—unless a court orders ICE to carry them out. *See* Clark Decl. ¶¶ 13–14 & n.1. The purported justification for this intentional noncompliance with the FOIA is that the only "excepted activities" allowed to continue during the current lapse in appropriations are "limited to those necessary for the safety of human life or the protection of property." *Id.* ¶ 19. That explanation, however, is inconsistent with ICE's efforts to consistently post on social media and issue press releases since February 13, 2026. *See* https://x.com/ICEgov; https://www.ice.gov /newsroom. To Plaintiff's knowledge, ensuring ICE personnel can disseminate agency information and public messaging is not a statutory imperative, and in any event it is hardly "necessary for the safety of human life or the protection of property." *See* Clark Decl. ¶ 19.

Compliance with the FOIA is not optional, and ICE has not sufficiently explained why the current lapse in funding justifies further delay in this case—especially given that (1) the narrow FOIA request was submitted nearly 17 months ago, (2) the lapse in funding came merely two weeks before ICE was originally intending to make the requested disclosures, meaning that ICE's review should have been substantially complete, and (3) ICE has voluntarily chosen, without apparent justification, to shut down the entire office charged with carrying out its statutory FOIA obligations, and (4) ICE has disclosed similarly requested records in another pending FOIA case.

While ICE may be experiencing a temporary lapse in funding, it is undeniably able to carry out a wide range of agency activities in the meantime—including in response to orders of this Court. ICE's choice to close the *entire* FOIA office is legally unjustifiable, and "FOIA's requirement that agencies release all non-exempt, responsive records—would be rendered

meaningless if [ICE] could avoid these statutory obligations through the simple expedient of dismissing its FOIA staff" during the pendency of the lapse in DHS appropriations. *See Ctr. to Adv. Sec. in America v. U.S.A.I.D.,* No. 24-cv-3505, 2025 WL 763735, at \*2 (D.D.C. Mar. 11, 2025) (discussing stay of case in light of agency decision, outside of funding-lapse context, to reduce FOIA staff).

Plaintiff accordingly requests that the Court order (1) ICE to complete its processing, issue its final determination regarding the requested public records, and disclose all non-exempt material no later than April 15, 2026, and (2) the parties to submit a further status report by April 29, 2026.

Dated:   March 16, 2026                    Respectfully submitted,
         Washington, DC


*/s/ Matthew S.L. Cate*                    JEANINE FERRIS PIRRO
Matthew S.L. Cate (#1720435)               United States Attorney
LAW OFFICE OF MATTHEW S.L. CATE
101 Montgomery Street, Suite 900           By: */s/ Zachary J. Krizel*
San Francisco, CA  94014                   ZACHARY J. KRIZEL
Tel/Fax: 415-964-4400                      Assistant United States Attorney
matt@matthewcatelaw.com                    601 D Street, N.W.
                                           Washington, D.C. 20530
*Counsel for Plaintiff*                    (202) 252-2518
*Dark Mode LLC d/b/a 404 Media*            Zachary.Krizel@usdoj.gov

                                           *Attorneys for the United States of America*