statusUNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DARK MODE, LLC<br>*d/b/a* 404 Media,<br><br>      Plaintiff,<br><br>    v.<br><br>UNITED STATES IMMIGRATION AND<br>CUSTOMS ENFORCEMENT,<br><br>      Defendant. | Civil Action No. 25-3357 (APM) |

**JOINT STATUS REPORT**

Pursuant to the Court's April 16, 2026 Minute Order, Plaintiff Dark Mode, LLC ("404 Media") and United States Immigration and Customs Enforcement ("ICE"), by and through their respective undersigned counsel, respectfully submit this joint status report.

Plaintiff brings this case under the Freedom of Information Act ("FOIA") seeking a response to its October 22, 2024 request, which sought "[a]ll invoices, purchases orders, contracts, loan agreements, procurement documents (but not limited to solicitation documents or notices of proposed contracts, proposed bids, unsolicited proposals, and/or documents justifying contracting without full and open competition), and statements of work relating to Award ID 70CTD024P00000012." Compl. (ECF No. 1) ¶ 14.

**Defendant's Statement**

Defendant reports that it has completed its processing of the potentially responsive records, consisting of 673 pages. Defendant further reports that the records were provided to the submitter for review. Once the submitter has completed its review, the records will be released to Plaintiff.

On February 14, 2026, appropriations for DHS lapsed and ICE FOIA employees were furloughed. Congress still has not enacted FY26 appropriations for Defendant ICE. However, on April 3, 2026, President Trump, via memorandum, directed the Secretary of Homeland Security, in coordination with the Director of the Office of Management and Budget, to use emergency funds that have a reasonable and logical nexus to the functions of DHS to provide each and every employee of DHS with the compensation and benefits that would have accrued to them if not for the DHS shutdown, consistent with applicable law, including 31 U.S.C. 1301(a). As a result, ICE FOIA employees resumed work on FOIA matters on April 16, 2026, and are now permitted to perform work on FOIA matters unless or until funding is no longer available. On April 21, 2026, the Secretary of Homeland Security determined that DHS will run out of the funds it is using to pay workers, including ICE FOIA employees, in early May 2026. With regard to the instant case, ICE FOIA has resumed processing of the responsive records and anticipates completing its final response and production on or before May 26, 2026.

Defendant opposes Plaintiff's attempt to litigate the appropriate timing of ICE's completion of its production in a joint status report. Ordering an agency to complete an action is different than the Court addressing scheduling matters for the Parties in a FOIA case. Federal Rule of Civil Procedure 7(b)(1) requires that "[a] request for a court order must be made by motion." A separately filed motion would allow the Court to see exactly what relief Plaintiff requests, the factual bases (if any) in support, and the legal argument(s) trying to justify this relief. A separately filed motion would also provide notice to Defendants so that they could appropriately prepare their response, gather factual materials if needed, and address the merits. Especially where such requested relief may seek to push Plaintiff's request before other, non-litigated requests.

To that end, Defendant requests that the parties be ordered to submit a further joint status report on or before May 24, 2026, updating the Court on the processing and production of the FOIA requests at issue in this matter and, if applicable, a briefing schedule to resolve any disputes arising from Defendant's production, redactions to, or nondisclosures of the requested records.

**Plaintiff's Statement**

The Court should order ICE to disclose the public records responsive to Plaintiff's FOIA request by no later than May 15, 2026.

The Court has the authority to enter such an order in response to this status report. This Court and others have often ordered agencies to complete searches or even produce responsive records without formal motion practice. *See, e.g.*, Mar. 24, 2026 Minute Order, *Freedom of the Press Found. v. ICE*, No. 25-cv-03833-APM; Order, *NYCLU v. HHS ACF*, 20-cv-183 (S.D.N.Y.), ECF No. 30; Minute Order, *Am. Oversight v. DOJ*, 17-cv-727 (D.D.C.) (June 12, 2017); Minute Order, *Citizens United v. U.S. Dep't of State*, 16-cv-67-CRC (D.D.C) (Apr. 19, 2016). This type of case management activity is well within the Court's "broad equitable authority" to manage FOIA matters. *CREW v. DOJ*, 846 F.3d 1235, 1241–42 (D.C. Cir. 2017).

Issuing a production order is appropriate under the circumstances here. First, Plaintiff's FOIA request seeks basic records about an agency contract and was submitted in October 2024. ICE, meanwhile, reported in mid-February 2026 that "it has completed its processing of the potentially responsive records" in this case. *See* Dkt. No. 12 (Feb. 12, 2026 JSR) at 1. ICE has since asserted that compliance with the FOIA request needed to be delayed while it shuttered its FOIA office during the pendency of the recent laps in appropriations and while the "submitter review"

- 3 -

process played out pursuant to regulations. *See* Dkt. No. 13 (Mar. 13, 2026 JSR) at 1-2 (explaining reason for delay); *id.* at 3-6 (demonstrating why further delay is inappropriate).[1]

The agency has since resumed FOIA work, even though the partial funding lapse continues (demonstrating that the delay in disclosures has been in ICE's power to prevent from the start). Now, despite having represented *two months ago* that it "has completed its processing" of the requested records, ICE seeks yet another month "to resume[] processing of the responsive records." To the extent ICE is claiming to need more time to complete the "submitter review" process, it has not explained why that time is necessary, given that (1) ICE completed its own review by mid-February 2026, (2) the agency's own regulations require only 10 working days' notice to the contractor entity, and (3) some substantial amount of the records being sought here have been produced in another FOIA case, in the Southern District of New York. *See* Dkt. No. 13 (Mar. 13, 2026 JSR) at 3 & n.2. It is unclear how many pages need to be processed (or re-processed), for what reasons, or why an additional 30 days is necessary to do it.

Meanwhile, ICE suggests in this JSR that it very likely will again seek to unilaterally extend its self-imposed deadline if further funding issues arise "in early May 2026." That suggestion demonstrates the need for the Court to order the agency to produce all disclosable public records responsive to Plaintiff's FOIA request within a reasonable timeframe. A production order would move this case toward resolution even if funding issues continued to arise: ICE and other agencies within Homeland Security have been instructed in similar circumstances that, regardless of the status of agency appropriations, "ongoing litigation in Federal court for which a stay has not been

---

[1] Under the relevant regulations, ICE needs to give the contracting entity "10 working days" notice before disclosing public records that *may* implicate allegedly "[c]onfidential commercial information." *See* 6 C.F.R. § 5.7(e). There is no justification for further delaying production—certainly not by another full month—on the basis that more time is needed to complete the "submitter review" process.

issued" is activity that may be performed during an appropriations lapse. *See* U.S. Dep't of Homeland Sec., Procedures Relating to a Lapse in Appropriations, at 26 (Sept. 29, 2025), https://www.dhs.gov/sites/default/files/2025-09/2025_0930_dhs_procedures_related_to_a_lapse_in_appropriations.pdf; U.S. Department of Justice FY 2026 Contingency Plan 3 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl (explaining that if a court declines to stay a case and "orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue").

The only way to ensure that this case moves forward without further delay is for ICE to be ordered to disclose all responsive public records by a reasonable deadline. Given the limited number of pages at issue, the nature of the records, the fact that some material already has been disclosed to other requesters, and that ICE has already processed the records, the Court should order ICE to disclose all responsive public records by May 15, 2026, and order the parties to submit a further status report by June 5, 2026.

Dated:   April 24, 2026
       Washington, DC

*/s/ Matthew S.L. Cate*
Matthew S.L. Cate (#1720435)
LAW OFFICE OF MATTHEW S.L. CATE
101 Montgomery Street, Suite 900
San Francisco, CA  94014
Tel/Fax: 415-964-4400
matt@matthewcatelaw.com

*Counsel for Plaintiff*
*Dark Mode LLC d/b/a 404 Media*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Zachary J. Krizel*
ZACHARY J. KRIZEL
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2518
Zachary.Krizel@usdoj.gov

*Attorneys for the United States of America*