**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DARK MODE, LLC
*d/b/a* 404 Media,

*Plaintiff,*

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,

*Defendant.*

Civil Action No. 25-3357 (APM)

**PLAINTFF'S STATUS REPORT**

Pursuant to the Court's July 30, 2026 Minute Order, Plaintiff Dark Mode, LLC ("404 Media") submits the following status report. Plaintiff submits this report on its own behalf but in the good-faith belief that it accurately reflects the parties' respective positions regarding the status of this case and proposals for proceeding because it reflects the substance of the draft last circulated by Defendant United States Immigration and Customs Enforcement ("ICE"), to which Plaintiff consented. More particularly, at approximately 5 p.m. ET on August 28, 2026, Plaintiff agreed in writing to, and authorized ICE to file, a draft of a joint status report in the form that follows below. After seeing at approximately 11:30 p.m. ET that no joint report had yet been filed, Plaintiff proceeded to file this report on its own behalf solely because, as of the time of its filing, Plaintiff does not have formal approval to file the below report with ICE's express consent.

* * *

Plaintiff brings this case under the Freedom of Information Act ("FOIA") seeking a response to its October 22, 2024 request, which sought "[a]ll invoices, purchases orders, contracts, loan agreements, procurement documents (but not limited to solicitation documents or notices of

proposed contracts, proposed bids, unsolicited proposals, and/or documents justifying contracting without full and open competition), and statements of work relating to Award ID 70CTD024P00000012." Compl. (ECF No. 1) ¶ 14.

**Defendant's Position**

Defendant reports that it has processed the potentially responsive records consisting of 673 pages and made its final release of records on July 2, 2026.

Following the final production, Plaintiff requested Defendant reconsider withholdings under FOIA Exemption 4, FOIA Exemption 7(E), and FOIA Exemption 5. On August 28, 2026, Defendant informed Plaintiff that it would not withdraw its withholdings under FOIA Exemption 4 and that it was still reviewing withholdings made under FOIA Exemption 7(E) and Exemption 5 to determine whether any of these Exemptions may be withdrawn. Defendant anticipates completing its review of these Exemptions on or before September 4, 2026.

Because Defendant is completing its review of Plaintiff's request to withdraw certain exemptions, Defendant does not believe this matter is ripe for briefing, at this time. Accordingly, Defendant proposes filing a Joint Status Report on or before September 11, 2026, advising the Court of the status of any outstanding issues and whether a briefing schedule may be required.

However, if the Court determines that a briefing schedule is warranted at this time, to allow Defendant adequate time to prepare and review the required attendant documentation, Defendant requests the Court adopt the following schedule:

- November 25, 2026 – Defendant to file its Motion for Summary Judgment;
- December 16, 2026 – Plaintiff to file its Response and Cross-Motion for Summary Judgment;
- December 30, 2026 – Defendant to file its Reply in Support of its Motion for Summary Judgment and Response to Plaintiff's Cross-Motion for Summary Judgment; and
- January 13, 2027 – Plaintiff to file its Reply in Support of its Cross-Motion for Summary Judgment.

**Plaintiff's Position**

While Plaintiff remains committed to conferring with ICE about its exemption assertions, setting a briefing schedule now, and one that concludes by late November, is reasonable and appropriate given the status of this case and scope of the remaining issues.

On August 10, 2026, Plaintiff asked ICE to re-evaluate its exemption claims under Exemptions 4, 5, and 7(E), identifying eight records (comprising 102 pages) as containing one or more of those exemption claims. Plaintiff is willing to narrow what remains of this case to the issue of whether those exemption assertions, as to only those eight records, are lawful (or, as Plaintiff contends, they are not and the redactions should thus be removed). The parties are already at an impasse on ICE's Exemption 4 claims. Only one document, a 13-page email chain, has been redacted pursuant to ICE's Exemption 5 assertion. And while the agency has applied redactions based on its Exemption 7(E) assertions across all eight records, there are only about 35–40 pages containing those redactions. The parties therefore should be able to know, and soon, whether they can further narrow or eliminate the remaining disputed issues.

In the meantime, setting a briefing schedule now will ensure this case proceeds to resolution within an appropriate timeframe if the parties are unable to resolve their disputes. Plaintiff's request was submitted in October 2024, and despite the case involving a single, narrow FOIA request that resulted in disclosure of 31 records, this case has been pending for more than 11 months. Of course, if the parties are able to resolve what remains of this case before (or during) summary judgment briefing, they would promptly notify the Court. Unless and until that occurs, however, setting a briefing schedule now will motivate the parties to keep their focus on whether they can narrow any further issues while keeping this matter moving forward.

Finally, given the small universe of the potential issues to be briefed on summary judgment, there is no justification for delaying the schedule for three months. Plaintiff therefore respectfully requests that the Court set the following briefing deadlines:

- October 2, 2026: Defendant's motion for summary judgment;
- October 23, 2026: Plaintiff's opposition and cross-motion for summary judgment;
- November 6, 2026: Defendant's reply; and
- November 20, 2026: Plaintiff's reply in support of its cross-motion.

Dated: August 28, 2026
Washington, DC

*<u>/s/ Matthew S.L. Cate</u>*
Matthew S.L. Cate (#1720435)
LAW OFFICE OF MATTHEW S.L. CATE
101 Montgomery Street, Suite 900
San Francisco, CA 94014
Tel/Fax: 415-964-4400
matt@matthewcatelaw.com

*Counsel for Plaintiff*
*Dark Mode LLC d/b/a 404 Media*