**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DARK MODE, LLC
*d/b/a* 404 Media,

*Plaintiff*,

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,

*Defendant*.

Civil Action No. 25-3357 (APM)

**MOTION FOR SUMMARY JUDGEMNT AND**
**MEMORANDUM IN SUPPORT THEREOF**

# TABLE OF CONTENTS

Table of Contents ........ i

Table of Authorities ........ ii

Introduction ........ 1

Background ........ 1

Legal Standards ........ 3

Argument ........ 4

I. Redactions ........ 4

A. Defendants Properly Withheld Material Under FOIA Exemption 4 ........ 6

B. Defendants Properly Withheld Material Under FOIA Exemption 7(E) ........ 6

II. The Agency Conducted an Adequate Segregability Analysis. ........ 8

Conclusion ........ 10

# TABLE OF AUTHORITIES

Page(s)

Cases

*Blackwell v. FBI*,
646 F.3d 37 (D.C. Cir. 2011) ..... 7

*Brayton v. Off. of U.S. Trade Representative*,
641 F.3d 521 (D.C. Cir. 2011) ..... 2

*Cole v. Copan*, Civ. A.,
No. 19-1182 (TSC), 2020 WL 7042814 (D.D.C. Nov. 30, 2020) ..... 2

*Ctr. for Investigative Reporting v. U.S. Customs & Border Prot.*,
436 F. Supp. 3d 90 (D.D.C. 2019) ..... 4

Dalal v. Dep't of Just.,
643 F. Supp. 3d 33 (D.D.C. 2022) ..... 7

*Dep't of Def. v. Fed. Lab. Rels. Auth.*,
510 U.S. 487 (1994) ..... 3

*Dep't of Labor*,
478 F. Supp. 2d 77 (D.D.C. 2007) ..... 3

*Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427 (2019) ..... 3, 4

*Kowal v. Dep't of Just.*, Civ. A.,
No. 18-0938 (TJK), 2022 WL 4016582 (D.D.C. Sept. 2, 2022) ..... 7

*Leopold v. Dep't of Just.*,
94 F.4th 33 (D.C. Cir. 2024) ..... 8

*Leopold v. Dep't of Just.*,
Civ. A. No. 19-3192 (RC), 2021 WL 124489 (D.D.C. Jan. 13, 2021) ..... 5

*Lopez v. Council on Am.-Islamic Relations Action Network, Inc.*,
826 F.3d 492 (D.C. Cir. 2016) ..... 2

*Media, Inc. v. Nat'l Transp. Safety Bd.*,
Civ. A. No. 03-0024 (CKK), 2006 WL 826070 (D.D.C. Mar. 29, 2006) ..... 2

*Oglesby v. Dep't of Army*,
920 F.2d 57 (D.C. Cir. 1990) ..... 2

*Pratt v. Webster,*
*673 F.2d 408 (D.C. Cir. 1982)* ..... 6

*Pub. Citizen Health Rsch. Grp. v. FDA*,
704 F.2d 1280 (D.C. Cir. 1983) ..... 4

*Pub. Emps. for Env't. Resp. v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mexico,*
*("PEER"), 740 F.3d 195 (D.C. Cir. 2014)* ..... 6, 7

*Rubometkin v. United States*,
140 F.4th 480 (D.C. Cir. 2025) ..... 7

*Shapiro v. Dep't of Just.*,
Civ. A. No. 12-0313 (BAH), 2020 WL 3615511 (D.D.C. July 2, 2020) ..... 7

*Weisberg v. Dep't of Just.*,
627 F.3d 365 (D.C. Cir. 1980) ..... 3

*Weisberg v. Dep't of Just.*,
745 F.2d 1476 (D.C. Cir. 1984) ..... 3

*Wolf v. CIA*,
473 F.3d 370 (D.C. Cir. 2007) ........ 3

Statutes

28 U.S.C. §§ 533, 534 ........ 6
5 U.S.C. § 551(2) ........ 5
5 U.S.C. § 552(b)(4) ........ 4
5 U.S.C. § 552(b)(7)(E) ........ 6

Rules

Fed. R. Civ. P. 56(a) ........ 2

## INTRODUCTION

Defendant, the United States Immigration and Customs Enforcement ("ICE"), respectfully moves for summary judgment in this Freedom of Information Act ("FOIA") action. This dispute involves Plaintiff Dark Mode LLC's, d/b/a 404 Media ("Dark Mode"), FOIA request to ICE for records relating to "Award ID 70CTD024P00000012". *See* Compl. (ECF No. 1) ¶ 14.

ICE appropriately responded to a FOIA request and complied with their obligations under the FOIA. ICE conducted a reasonable search for records responsive to the request, properly invoked certain FOIA exemptions to withhold responsive records and information, and provided all segregable records. The Court should therefore grant summary judgment for ICE.

## BACKGROUND

The FOIA request at issue was submitted on October 22, 2024, to ICE regarding records concerning contract and procurement documents related to "Award ID 70CTD024P00000012". Decl. of Dr. Kenneth N. Clark ("Clark Decl.") ¶¶ 6; Ex. A. ICE responded via a letter dated October 25, 2024, acknowledging receipt of the request and informing the requester that the request was assigned request number 2025-ICFO-03255. Clark Decl. ¶ 7. Plaintiff then filed the instant action on September 22, 2025, claiming ICE violated its duties under FOIA for failure to timely respond to the request. *See generally* Compl. (ECF No. 1).

After the initiation of the litigation, ICE made productions of responsive records on May 26, 2026, and July 2, 2026.[1] Clark Decl. ¶ 9. Both productions included cover letters which indicated that ICE withheld certain pages and portions of pages under 5 U.S.C. § 552(b)(4) ("FOIA Exemption 4), 5 U.S.C. § 552(b)(5) ("FOIA Exemption 5"), 5 U.S.C. § 552(b)(6), 5 U.S.C. § 552(b)(7)(C) (together, "FOIA Exemption 6, 7(C)"), 5 U.S.C. § 552(b)(7)(E) (FOIA Exemption

[1] As indicated in the Clark Declaration, ICE anticipates making a supplemental production of 13 pages on or before December 4, 2026.

7(E)") and 5 U.S.C. § 552(b)(7)(F) (FOIA exemption 7(F). *Id.* In total, ICE produced 374 pages in full or in part.

In a status report dated August 28, 2026, Plaintiff represented that it had "asked ICE to re-evaluate its exemption claims under Exemptions 4, 5, and 7(E), identifying eight records (comprising 102 pages) as containing one or more of those exemption claims" and that Plaintiff is "willing to narrow what remains of this case to the issue of whether those exemption assertions, as to only those eight records, are lawful (or, as Plaintiff contends, they are not and the redactions should thus be removed)." Pl. Status Rpt. (ECF No. 19) at 3. As noted in that status report, only one document, a 13-page email chain, had redactions under Exemption 5. *Id.* ICE has withdrawn Exemption 5 as a basis for those redactions and also has withdrawn certain redactions that had been based on Exemption 4 and 7(E) but continues to assert that the remaining redactions are supported Exemption 4 and/or 7(E). Clark Decl. ¶ 11.

Thus, in light of Plaintiff's status report, the only outstanding issues that remain concern ICE's withholdings under Exemption 4 and Exemption 7(E) with respect to a limited set of documents. *Id.* ¶¶ 10-11. In support of its motion for summary judgment, ICE submits two declarations justifying its withholdings on these documents. *See* Clark Decl. and Declaration of Andrew Boyd ("Boyd Decl.") (Ex. C). Attached to the declaration as exhibits are also a *Vaughn* Index (Ex. B).[2]

[2] As referenced above, Plaintiff represented in its August 28, 2026 status report that it does not challenge the adequacy of the agency's search nor the agency's use of FOIA Exemption 6, 7(C), or 7(F). Should Plaintiff change its position and challenge the adequacy of the search or these exemptions, Defendant reserves the right to address them in its reply memorandum and opposition to any cross-motion filed by Plaintiff.

## LEGAL STANDARDS

"[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Off. of U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011). A court must grant summary judgment if the movant shows that, viewing the evidence in the light most favorable to the non-movant and drawing all reasonable inferences accordingly, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Lopez v. Council on Am.-Islamic Relations Action Network, Inc.*, 826 F.3d 492, 496 (D.C. Cir. 2016).

In a FOIA case, an agency is entitled to summary judgment on the adequacy of its search if it shows "that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). This is a "reasonableness test," meaning that a search need not be perfect or exhaustive to pass muster. *See Cole v. Copan*, Civ. A. No. 19-1182 (TSC), 2020 WL 7042814, at *3 (D.D.C. Nov. 30, 2020); *Accuracy in Media, Inc. v. Nat'l Transp. Safety Bd.*, Civ. A. No. 03-0024 (CKK), 2006 WL 826070, at *6 (D.D.C. Mar. 29, 2006). "[N]ot surprisingly," whether a search was reasonable depends on "the facts of each case." *Weisberg v. Dep't of Just.*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

In addition, "the defending agency must prove that each document that falls within the class requested either has been produced, is unidentifiable or is wholly exempt from [FOIA's] inspection requirements." *Weisberg v. Dep't of Just.*, 627 F.3d 365, 368 (D.C. Cir. 1980) (internal quotation marks and citations omitted). To meet this burden, a defendant may rely on declarations that are reasonably detailed and non-conclusory. *See Citizens for Resp. and Ethics in Wash. v. Dep't of Labor*, 478 F. Supp. 2d 77, 80 (D.D.C. 2007) ("[T]he Court may award summary judgment solely on the basis of information provided by the department or agency in declarations

when the declarations describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.") (internal quotation marks and citations omitted). The court can accept an agency's justification for claiming a FOIA exemption if its explanation appears "logical" or "plausible." *Wolf v. CIA*, 473 F.3d 370, 374–75 (D.C. Cir. 2007).

## ARGUMENT

### I. <u>**Defendant Properly Withheld Information Under Exemptions 4 and 7(E).**</u>

Although disclosure is the dominant objective of the FOIA, there are several exemptions to the statute's disclosure requirements. *Dep't of Def. v. Fed. Lab. Rels. Auth.*, 510 U.S. 487, 494 (1994). "FOIA expressly recognizes that important interests are served by its exemptions, and those exemptions are as much a part of FOIA's purposes and policies as the statute's disclosure requirement[.]" *Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427, 439 (2019) (cleaned up). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Wolf*, 473 F.3d at 374–75. Here, ICE has properly made redactions on the subset of documents at issue under Exemption 4 and 7(E).

#### A. Defendant Properly Withheld Material Under FOIA Exemption 4

Exemption 4 allows federal agencies to withhold "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). To successfully invoke this exemption, the Agency must establish that the records are "(1) commercial or financial, (2) obtained from a person, and (3) privileged or confidential." *Pub. Citizen Health Rsch. Grp. v. FDA*, 704 F.2d 1280, 1290 (D.C. Cir. 1983). Information is confidential "when it is 'both customarily and actually treated as private by its owner,' and perhaps as well, 'provided to the government under an assurance of privacy.'" *Ctr. for Investigative Reporting v. U.S. Customs*

*& Border Prot.*, 436 F. Supp. 3d 90, 109 (D.D.C. 2019) (quoting *Food Mktg. Inst.*, 588 U.S. at 440).

The information withheld pursuant to Exemption 4 consists of "proprietary financial and commercial information provided by the submitter, a for-profit corporation." Clark Decl. ¶ 17. ICE applied FOIA Exemption 4 "to Paragon's pricing narrative; nonpublic technical and product specifications; information about the product features, capabilities, and performance; work-product version numbers and descriptions of how the corporation monitors risks and updates security features [and] product design, development, marketing strategy and details about the product's performance." *Id*; see also Boyd Decl. at 3–5.

*First*, the withheld information is "proprietary financial and commercial." Clark Decl. ¶ 17. It concerns "the corporation's product, business operations and competitive position in the marketplace." *Id*. This included "nonpublic pricing information, product specifications, technical details, product features, functionality, capabilities and performance information." *Id.* Importantly, such information "reflects the corporation's commercial activities including the development, sale, pricing and promotion of a revenue-generating product," and public release "could reveal nonpublic aspects of the corporation's business methods, product offerings, pricing approach, and competitive strategy to competitors or customers." *Id.* This is also evident in the foreseeable harm that would be associated with disclosure, which "could allow competitors to submit lower-priced offers to undercut Paragon's competitive advantage" and "impair the corporation's ability to negotiate competitively with current and prospective customers." *Id.* ¶ 22; *see also Am. First Legal Found. v. CDC & Prevention*, Civ. A. No. 22-0978 (APM), 2026 U.S. Dist. LEXIS 132907, at *7 (D.D.C. June 15, 2026) ("In the Exemption 4 context, the foreseeable-

harm standard calls for a showing of 'foreseeable commercial or financial harm to the submitter upon release of the contested information.'")

*Second*, the withheld information was obtained from a person. The term "person" incorporates a variety of entities, including "an individual, partnership, corporation, association, or public or private organization other than an agency." 5 U.S.C. § 551(2). Here, the exempt information clearly falls within FOIA's definition of a "person", as it was supplied to ICE by Paragon, a "for-profit corporation." Clark Decl. ¶¶ 17–23; 5 U.S.C. § 551(2).

*Finally*, "the information was provided to the government under the assurance of confidentiality." *Leopold*, 2021 WL 124489, at *6. The Clark Declaration attests that "[w]hen contractors provide confidential business information to ICE, there is an implied assurance of confidentiality that their proprietary data will be safeguarded and not disclosed publicly." Clark Decl. ¶ 21. And "ICE customarily treats this type of information as confidential and does not release it to the general public," which "is essential to fostering trust between the government and private entities." *Id.* Release of the information would undermine ICE's ability to ensure "that vendors feel secure in sharing the detailed information necessary for effective procurement." *Id.* Paragon's declarant, moreover, asserts that "[d]issemination of this confidential information presents a heavy risk of harming Paragon's commercial relatinhsips not only with the vendors named in the Documents, but of other competitor vendors who are not names, and whom Paragon has not selected for these services.". Boyd Decl. at 3. Thus, the Exemption 4 withholdings were proper and ICE has established that "[d]disclosure of this information would cause foreseeable harm to the corporation's business and economic interests." Clark Decl. ¶ 22.

**B. Defendants Properly Withheld Material Under FOIA Exemption 7(E)**

"To fall within Exemption 7, documents must first meet a threshold requirement: that the records were 'compiled for law enforcement purposes.'" *Pub. Emps. for Env't. Resp. v. U.S.*

*Section, Int'l Boundary & Water Comm'n, U.S.-Mexico* ("PEER"), 740 F.3d 195, 202–03 (D.C. Cir. 2014) (citing 5 U.S.C. § 552(b)(7)). "Agencies classified as law enforcement agencies . . . receive deference to their assertion that documents were compiled for a law enforcement purpose." *100Reporters LLC*, 248 F. Supp. 3d at 159 (citing *Pratt v. Webster*, 673 F.2d 408, 418 (D.C. Cir. 1982)).

"Pursuant to the Immigration and Nationality Act (INA), codified under Title 8 of the U.S. Code, the Secretary of Homeland Security is charged with the administration and enforcement of laws relating to the immigration and naturalization of aliens, subject to certain exceptions." Clark Decl. ¶ 26. And ICE is a component of the Department of Homeland Security ("DHS") which "enforces provisions of the INA including identifying, arresting detaining and removing noncitizens subject to removal under federal law." *Id.* Moreover, "Homeland Security Investigations (HSI) is the principal investigative component of DHS" which "conducts federal criminal investigations into the illegal movement of people, goods, money, contraband, weapons and sensitive technology into, and out of and through the United States." *Id.* ¶ 27. It is under this law enforcement purpose that ICE compiled the records, which "pertain to a law enforcement product for potential use in HSI's law enforcement mission." Clark Decl. ¶ 28.

Exemption 7(E) allows the withholding of documents compiled for law enforcement purposes if disclosing such records "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). The "requirement that disclosure risk circumvention of the law 'sets a relatively low bar for the agency to justify withholding'" under this exemption. *PEER*, 740 F.3d at 205 (quoting *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir.

2011)). "To justify withholding under Exemption 7(E), an agency must clear only a 'low bar' by 'demonstrat[ing] logically how the release of the requested information might create a risk of circumvention of the law.'" *Kowal v. Dep't of Just.*107 F.4th 1018, 1033 (D.C. Cir. 2024)

ICE has invoked Exemption 7(E) to withhold "information about a specific product intended to support HSI's law enforcement investigations and operations including information about the products capabilities, usages, and design." Clark Decl. ¶¶ 30. The Clark Declaration notes that release of this information could "reveal specific law enforcement techniques, technologies, capabilities, operational priorities, or investigative methos that ICE is consideration or may employ." *Id.* In its declaration, the ICE explains how disclosure of these categories of information "logically . . . might create a risk of circumvention of the law." Kowal, 107 F.4th at 1033. . In light of this showing, ICE has properly withheld these categories of information, and the Court should enter summary judgment for ICE on this exemption as well. *See Dalal v. Dep't of Just.*, 643 F. Supp. 3d 33, 73–76 (D.D.C. 2022) (finding FBI's explanations justified the withholding of fourteen similar categories of information under Exemption 7(E)); *Shapiro v. Dep't of Just.*, Civ. A. No. 12-0313 (BAH), 2020 WL 3615511, at *35–41 (D.D.C. July 2, 2020) (same); *100Reporters v. United States Dep't of State*, 602 F. Supp. 3d 41, 83 (D.D.C. 2022) ("the foreseeable-harm requirement is similar to (and was not intended to heighten) Exemption 7(E)'s 'circumvention of the law' requirement").

## II. The Agency Conducted an Adequate Segregability Analysis.

To meet its obligations under FOIA, the Agency must "consider whether exempt portions of a record could be disclosed without causing foreseeable harm to the interests protected by FOIA Exemption[.]" *Rubometkin v. United States*, 140 F.4th 480, 494 (D.C. Cir. 2025) (citing *Leopold v. Dep't of Just.*, 94 F.4th 33, 37-39 (D.C. Cir. 2024)). Here, "[a] line-by-line review was conducted to identify information exempt from disclosure or for which a discretionary waiver or

exemption could be applied. Clark Decl. ¶ 32. Through its review, the agency has determined "ICE did not withhold any information on the ground that it was not exempt but could not be reasonably segregated from the exempt information." Clark Decl. ¶ 33.

It is well settled that "[a]gencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007). And the type of justification that ICE has provided has been recognized by courts as sufficient to satisfy an agency's burden. *See, e.g., Amadis v. U.S. Dep't of State*, 971 F.3d 364, 371-372 (D.C. Cir. 2020) (finding burden satisfied when declarant attests to a line-by-line review to segregate exempt from non-exempt information); *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002) ("The combination of the *Vaughn* index and the affidavits . . . are sufficient to fulfill the agency's obligation to show with 'reasonable specificity' why a document cannot be further segregated."); *Loving v. DOD,* 550 F.3d 32, 41 (D.C. Cir. 2008) ("Here the district court relied on the very factors that we have previously deemed sufficient for this determination, i.e., the description of the document set forth in the *Vaughn* index and the agency's declaration that it released all segregable material."); *see also Elec. Privacy Info. Ctr. v. Dep't of Justice* (*"EPIC"*), 320 F. Supp. 3d 110, 120-21 (D.D.C. 2018) (same); *Anguimate v. Dep't of Homeland Sec.*, 918 F. Supp. 2d 13, 22 (D.D.C. 2013) (same).

* * *

## CONCLUSION

For these reasons, Defendant respectfully requests that the Court grant its motion, and enter judgment for ICE.

Dated: November 20, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *_/s/ Zachary J. Krizel*
ZACHARY J. KRIZEL
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-2550
Zachary.Krizel@usdoj.gov

*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DARK MODE, LLC<br>*d/b/a* 404 Media,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>*Defendant*. | Civil Action No. 25-3357 (APM) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's Motion for Summary Judgment, and the entire record herein, it is hereby

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that judgment is entered for Defendant.

SO ORDERED:

__________________
Date

__________________________________
AMIT P. MEHTA
United States District Judge